UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. BANK TRUST, N.A.,

                           Plaintiff,

        -against-

LUC J. MALLEBRANCHE, MELANIE J.
MALLEBRANCHE, also known as MELANIE
MALLEBRANCHE, also known as MELANIE J.
EDWARDS, and PEOPLE'S ALLIANCE
FEDERAL CREDIT UNION,

                           Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM &
ORDER**
15-CV-4317 (JMA)(AKT)

**FILED
CLERK**
9/26/2017 2:17 pm
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

APPEARANCES:

    Steven Rosenfeld
    Gross Polowy LLC
    1775 Wehrle Dr. Suite 100
    Williamsville, NY 14221
        *Attorney for Plaintiff*

**AZRACK, United States District Judge:**

On July 23, 2015, plaintiff U.S. Bank Trust N.A. ("Bank Trust") filed this foreclosure action alleging that defendants Luc and Melanie Mallebranche defaulted on a mortgage taken out with Beneficial Homeowner Service Corporation ("BHSC") for a property located at 171 Whitetail Lane, Central Islip, New York 11722 (the "Property"). After defense counsel for the Mallebranches failed to appear at numerous court conferences and failed to respond to plaintiff's letter requesting a pre-motion conference, plaintiff filed this summary judgment motion. Defendants Luc and Melanie Mallebranche did not oppose.[1] For the reasons below, the motion for summary judgment is granted.

---

[1] The Court has already granted a default judgment against the third defendant, People's Alliance Federal Credit Union. (ECF No. 36.)

1

## I. BACKGROUND

Unless otherwise noted, the facts set forth here are either undisputed, or, if disputed, are viewed in the light most favorable to the Mallebranches, the non-moving parties. See Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002).

On February 23, 2007, the Mallebranches obtained a mortgage loan from BHSC in the original principal amount of $393,738.80. (Pl.'s 56.1 ¶ 4, ECF No. 35; Affirmation of Steven Rosenfeld ("Rosenfeld Aff."), Ex. C, ECF No. 33-3.) The loan was memorialized in a note dated February 23, 2007 (the "Note), and secured by a mortgage and consolidation agreement dated February 23, 2007 (the "Mortgage") on the Property. (Pl.'s 56.1 ¶ 4; Rosenfeld Aff., Ex. C.) The Mortgage was recorded in the Suffolk County Clerk's Office on February 28, 2007. (Pl.'s 56.1 ¶ 4; Rosenfeld Aff., Ex. C.)

The Note contains an allonge endorsed to LSF8 Master Participation Trust. (Rosenfeld Aff., Ex. C.) The Note also contains an allonge endorsed from LSF8 Master Participation Trust to plaintiff. (Id.) Plaintiff is currently in possession of the Note. (Affidavit of David Nilsen ("Nilsen Aff.") ¶ 4, Rosenfeld Aff., Ex. A, ECF No 33-1.)

BHSC assigned the Mortgage to LSF8 Master Participation Trust on July 18, 2014. (Rosenfeld Aff., Ex. C.) That assignment was recorded on August 25, 2014. (Id.) LSF8 Master Participation Trust subsequently assigned the Mortgage to plaintiff as trustee on February 26, 2015. (Id.) That assignment has been sent for recording in the Suffolk County Clerk's Office. (Nilsen Aff. ¶ 5.)

The Mallebranches defaulted on the Note and Mortgage by failing to make the March 28, 2013 payment and subsequent payments. (Pl.'s 56.1 ¶ 6; Nilsen Aff. ¶ 6.) Plaintiff then elected to call due the entire unpaid principal balance together with interest and disbursements, including

reasonable attorney's fees and costs. (Pl.'s 56.1 ¶ 8; Nilsen Aff. ¶ 10.) To date, the loan remains in default. (Pl.'s 56.1 ¶ 8; Nilsen Aff. ¶ 6.)

Defense counsel has failed to appear at numerous court conferences. The Mallebranches failed to respond to plaintiff's letter requesting a pre-motion conference and failed to oppose the instant motion for summary judgment. Needless to say, the Mallebranches did not file a counter-statement of facts denying or challenging plaintiff's statement of facts as required by Local Rule 56.1(b)–(c). Because the plaintiff's 56.1 Statement is unopposed, and because the facts set forth in the statement are supported by evidence in the record, they are deemed to be admitted for the purposes of this motion pursuant to Local Rule 56.1.[2] Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014) ("[A] non-response runs the risk of unresponded-to statements of undisputed facts proffered by the movant being deemed admitted.").

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). The movant bears the burden of demonstrating that "no genuine issue of material fact exists." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286 (2d Cir. 2002) (citations omitted). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law,'"

---

[2] The facts are not admitted automatically, as the Court must first "ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014).

while "[a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" Konikoff v. Prudential Ins. Co. of Am., 234 F.3d 92, 97 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

If a motion for summary judgment is unopposed, "the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 242 (2d Cir. 2004). "Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Id. at 244. In other words, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then 'summary judgment must be denied even if no opposing evidentiary matter is presented.'" Id. (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)) (emphasis omitted).

**B. Plaintiff's Prima Facie Case for Foreclosure**

"Under New York law, summary judgment on a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." Regency Sav. Bank, F.S.B. v. Merritt Park Lands Assocs., 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgagor." Id. at 465–66.

Bank Trust has established its prima facie case for foreclosure. First, it has produced the Note and Mortgage. (See Rosenfeld Aff., Ex. C.) Second, it has submitted unrefuted evidence of the Mallebranches' failure to make payments under the Mortgage. (See Nilson Aff. ¶ 6.) As there

4

is no evidence in the record that undermines this showing, summary judgment for plaintiff is appropriate.[3]

## C. Plaintiff's Other Applications

Additionally, plaintiff asks the Court to (1) enter a Judgment of Foreclosure and Sale in the amount of $490,708.09; (2) modify the legal property description in the Mortgage agreements; and (3) appoint a Referee.

First, the Court has reviewed plaintiff's statement of damages and the supporting documentation in the record. Having determined that plaintiff's calculations are correct, the Court enters judgment against the Mallebranches in the amount of $490,708.09.

Second, the Court has reviewed the property description in the deed and determines that the inconsistencies identified in the Mortgage agreements are scrivener's errors. Accordingly, the Court modifies the legal property description in the Mortgage agreements to conform to the deed.[4]

Third, as requested by plaintiff, the Court appoints Thomas J. Stock, Esq. as Referee to effectuate the sale of the Property.

### III.  CONCLUSION

For the reasons state above, Bank Trust's motion for summary judgment is granted. The Court enters judgment against the Mallebranches in the amount of $490,708.09, modifies the Mortgage agreements, and appoints Thomas J. Stock as Referee.[5]

---

[3] Although the Mallebranches assert several affirmative defenses in their answer, they fail to substantiate any of those defenses on the instant motion. In any event, the affirmative defenses are meritless for the reasons set forth in plaintiff's memorandum. (See Supp. Mem. 9–16, ECF No. 33-15.)

[4] This modification order applies to both the 2005 and 2007 Mortgage agreements. (See Rosenfeld Aff. ¶ 13–14.)

[5] All of these rulings may also be found in the accompanying Judgment of Foreclosure and Sale.

**SO ORDERED.**

                                                                                        /s/ JMA

Dated:   September 26, 2017                      Joan M. Azrack
          Central Islip, New York               United States District Judge